# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI RUSH,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>ISLANDS RESTAURANTS, LP,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cv1312-LAB (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENSES, OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Sandi Rush filed a motion to strike all defenses raised in Islands Restaurants' answer, or in the alternative, for partial summary judgment, and the motion is now fully briefed and ready for decision. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the Motion suitable for decision without oral argument. Accordingly, the hearing on this motion currently on calendar for Tuesday, January 17, 2012 is taken off calendar and the Court will now issue its ruling.

Defendant concedes its motion to strike is untimely, but argues the Court should entertain it nevertheless, in order to avoid needless expenditure of time and money. The Court disagrees.

First, the motion to strike is properly summarily denied simply because it is untimely. Rush has provided no explanation why it was filed late. Second, entertaining the motion would not save time or money; rather, it would have the opposite effect and would result in

delay with no true resolution. The complaint brought four claims under different theories, and sought both injunctive relief and monetary damages. Islands' answer raised twenty-five affirmative defenses.

At this point, early in the litigation process, even if the Court were to dismiss defenses for failure to allege specific facts, Islands would likely be given an opportunity for limited discovery to obtain and allege those facts in an amended answer. In addition, the motion does not even deal with all defenses as applied to all claims. Even if the motion were granted in full, a patchwork of defenses would remain.

For similar reasons, partial summary judgment on Islands' defenses is inappropriate. Rush argues this motion should be granted to avoid having her blindsided by defenses, the factual basis for which she hasn't been put on notice. But that is, essentially, what she is asking the Court to do to Islands. In the interests of doing substantial justice, *see* Fed. R. Civ. P. 1 and 8(e), the Court would not grant summary judgment with prejudice on either the claims or the defenses until both sides have had sufficient opportunity for discovery.

Even if the Court were to reach the merits, the motion is very patchy. Even assuming some of the defenses are insufficiently pleaded, many of them appear to be adequate and would not be dismissed. To cite one example, the first affirmative defense asserts that California's Title 24 doesn't apply to Islands because the facility was built and/or modified before Title 24's enactment. Although the motion claims this is a conclusory statement (Docket no. 10, 4:27–5:4), it isn't. The date a building was built and/or modified, the date Title 24 was enacted, and which date occurs first are all facts, not legal conclusions. Islands isn't, at this point, required to provide those dates, not does Rush need to be told those dates to have reasonable notice of the nature of this defense.

The motion also seeks to strike the answer's defenses that the complaint fails to state a claim, and that Rush lacks standing. The motion argues these are not "true affirmative defenses," have no place in an answer and therefore must be stricken under Rule 12(f), or summary judgment granted under Rule 56. (Docket 10 at 17:17–24.) This argument lacks any merit. First, it is common practice to raise both defenses in answers. *See Aldabe v.*

*Aldabe*, 616 F.2d 1089 (9th Cir. 1980) (describing "failure to state a claim" as a defense, and noting that four appellees had raised this defense in their answer); *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607 (5th Cir. 2004) (holding defendant's inclusion of lack of standing in its answer properly put plaintiff on notice of possibility of dismissal for lack of jurisdiction). In addition, the Court is under a continuing obligation to examine its own jurisdiction. *see B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999), and cannot summarily find that a jurisdictional requirement such as standing is met merely because it was raised in an answer instead of some other form Rush thinks would be more proper.

Furthermore, it is speculative at this point which defenses Islands will actually rely on. Islands isn't currently pressing any defense (for example, by bringing a motion to dismiss), and in all likelihood couldn't do so until it obtains more information in discovery. The fact that a particular defense is named in the answer doesn't mean Islands will ultimately argue it. Thus, for the Court to entertain argument on, and consider and rule on each possible defense would be a waste of resources.

Because the motion is untimely, it is summarily **DENIED WITHOUT PREJUDICE**. But even if it were timely, it would be denied for the reasons set forth above.

**IT IS SO ORDERED**.

DATED: January 12, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge