# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI RUSH,<br><br>                              Plaintiff,<br>  vs.<br><br>ISLANDS RESTAURANTS, LP,<br><br>                              Defendant. | CASE NO. 11cv1312-LAB (POR)<br><br>**ORDER CONTINUING HEARING ON CROSS MOTIONS FOR SUMMARY JUDGMENT; AND**<br><br>**ORDER EXTENDING TIME PURSUANT TO FED. R. CIV. P. 56(d)** |

    The parties have each moved for summary judgment arising from Defendant's alleged failure to comply with the Americans with Disabilities Act. All ADA violations alleged in the complaint pertain to conditions outside in the parking area and the approach to the building, at the entrance to the restaurant, or In the restrooms. Defendant, doing business as a restaurant, submitted evidence that it had corrected all alleged ADA violations, and argued that all claims under the ADA for equitable relief have therefore become moot. (Docket no. 24, D.'s Mot. to Dismiss; *see especially* Docket nos. 24-8 to 24-14 (evidence that barriers in the parking area, in the area used by patrons to approach the restaurant, at the entrance, and inside the restroom had been removed)).

    In response, Plaintiff requested an extension, pursuant to Fed. R. Civ. P. 56(d), stating that she had not had enough time to determine whether the barriers really had been removed. The motion to dismiss was filed on May 1, and Plaintiff filed her opposition on July

2, so it is unclear why she has not had sufficient time to determine whether the restaurant is now in compliance with the ADA. The Court, however, is bound to determine whether it has jurisdiction to consider Plaintiff's claims, and to confirm that they are not moot. *See, e.g., San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 637 F. Supp. 2d 777, 786 (E.D.Cal., 2008) (noting district court's obligation to evaluate mootness, either *sua sponte* or at the request of the parties). Plaintiff bears the burden of establishing that the Court has jurisdiction to consider her claims. *Id*. at 787.[1]

The hearing on the cross motions for summary judgment currently on calendar for Monday, July 16, 2012 is therefore **CONTINUED** to **Monday, August 6, 2012 at 11:15 a.m.** If Plaintiff believes her ADA claims have not become moot, she may file a supplemental brief not to exceed two pages providing evidence of this. The page limit does not include exhibits or other appended or lodged material, but all arguments and legal authority must be raised in the brief itself. The brief must be filed no later than **Wednesday, July 18, 2012**. Defendant may, if it wishes, file a response subject to the same page limit, by **Monday, July 23**.

Plaintiff only requested more time, not formal discovery, and the Court anticipates that any investigation Plaintiff might need to do can be conducted quickly and informally. Therefore, no discovery is being ordered at this time. Should any disputes about Plaintiff's investigation arise, however, they are referred to Magistrate Judge David Bartick.

If Plaintiff intends to file a supplemental brief, she should begin preparing it immediately, and promptly submit any disputes to Judge Bartick. She should not expect any extensions of time will be granted. The Court emphasizes Plaintiff is not being given leave

///
///
///

---

[1] Plaintiff cites *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.,* 528 U.S. 167, 170 (2000), asserting that it is Defendant's burden to show mootness. But that case addresses mootness caused by a party's voluntary cessation of conduct. Here, Defendant is not relying on voluntary cessation, but physical alterations of the premises. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (removal of alleged barriers before trial can moot a plaintiff's ADA claim).

to seek out new barriers or to add claims. Her brief must address only the barriers alleged in her complaint, and no others. It should also not address other issues.

**IT IS SO ORDERED**.

DATED: July 11, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge