Scott J. Ferrell, Bar No. 202091
 sferrell@trialnewport.com
Tyler J. Woods, Bar No. 232464
 twoods@trialnewport.com
NEWPORT TRIAL GROUP
A Professional Corporation
895 Dove Street, Suite 425
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Defendant,
ISLANDS RESTAURANTS, LP

Leslie A. Bower, Bar No. 200899
 leslie@labowerlaw.com
BOWER & ASSOCIATES, APLC
92 Argonaut, Suite 120
Aliso Viejo, CA 92656
Mailing Address: P.O. Box 11748
Newport Beach, CA 92658
Tel: (949) 719-1151
Fax: (949) 215-9585

Attorneys for Defendant,
RIDGEWAY/BRADFORD PARTNERSHIP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI RUSH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS #210; ISLANDS CALIFORNIA/ARIZONA, LP dba ISLANDS FINE BURGERS & DRINKS #210; RIDGEWAY/BRADFORD PARTNERSHIP;<br><br>　　　　Defendants. | Case No. 3:11-CV-1312-LAB-DHB<br><br>**DEFENDANTS' EVIDENTIARY HEARING BRIEF**<br><br>[Declaration of Lewis Jackson, Declaration of Leslie A. Bower and Notice of Lodging filed concurrently herewith]<br><br>Date: September 25, 2012<br>Time: 10:00 a.m.<br>Courtroom: 9<br><br>Honorable Larry A. Burns<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' EVIDENTIARY HEARING BRIEF

## I. INTRODUCTION

The alleged barriers at the Islands Restaurant in Vista, California have been remediated in full compliance with the letter and spirit of the Americans with Disabilities Act ("ADA").  As the Court correctly noted in its August 9, 2012 Order all but two of the alleged barriers plaintiff Sandi Rush ("Plaintiff" or "Rush") allegedly encountered at the at the Islands Restaurant in Vista, California ("Restaurant") *no longer exist* and *will not exist in the future*.  The only remaining issues before this Court are whether the wrapping of the pipes beneath the sinks in the women's restroom at the Restaurant and the slopes of the disabled parking spaces at the Restaurant comply with the requirements of the ADA.  The fact is, they do.

The evidence that will be presented at the evidentiary hearing will demonstrate that *every square inch* of the pipes beneath the sinks in the women's restroom at the Restaurant is wrapped; thereby making it *impossible* for any person to come into contact with any portion of the pipes.  Not only does this protect everyone from coming into contact with the hot water pipe, drain pipe or any abrasive surface beneath the sink, but it far exceeds the ADAAG's requirement that "**[**h]ot water and drain pipes . . . be insulated or otherwise configured to protect against contact."  ADAAG § 4.19.14.

The evidence that will be presented at the evidentiary hearing will further demonstrate that each of the disabled parking spaces at the Restaurant have slopes less than 2.0% and sufficient passenger loading zones in full compliance with the ADA.

Accordingly, as will be shown by the evidence that will be submitted at the Evidentiary Hearing, there remains no factual dispute that the wrapping of the pipes beneath the sink in the women's restroom and the disabled parking spaces at the Restaurant fully comply with the ADA and the requirements of the ADAAG.  Therefore, upon presentation of the aforementioned evidence, it will become readily apparent that Plaintiff's claims are ripe for summary judgment as moot; and that summary judgment should be entered on all causes of action in favor of defendants Islands Restaurants, LP dba Islands Fine Burgers & Drinks #210 and Islands California/Arizona, LP dba Islands Fine Burgers & Drinks #210 and Ridgeway/Bradford Partnership (collectively "Defendants").

/ / /

/ / /

## II. ARGUMENT

### A. Pipe Wrapping Exceeds Requirements of ADA and ADAAG

As Plaintiff notes in her Motion for Summary Judgment, the ADA *only* requires that "[h]ot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact." *See* ADAAG § 4.19.14 ("Hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact."); *see also* CBC §3103A(h)(2)(D) (Lavatories "shall comply with . . . Section 1504 of the California Plumbing Code"); Cal. Plumbing Code §1504(b) (1994) ("Hot water and drain pipes accessible under lavatories shall be insulated or otherwise covered. There shall be no sharp or abrasive surfaces under lavatories."). As can be seen in the photographs attached to the declaration of Lewis Jackson, submitted herewith, the pipes beneath the sinks in the women's lavatory at the Restaurant are completely wrapped. ***Not one, single square inch of the pipes beneath the sinks in the women's lavatory at the Restaurant is exposed***. The video and testimony that will be presented at the evidentiary hearing will substantiate each of these points. Accordingly, the wrapping of the pipes beneath the sinks in the women's lavatory at the Restaurant completely complies, and in fact exceeds, the requirements of with the ADA.

Accordingly, no factual dispute remains and nothing else can be accomplished as far as the ADA is concerned with respect to the wrapping of the pipes beneath the sinks in the women's lavatory at the Restaurant.

### B. The Disabled Parking Spaces Meet All Requirements of the ADA

As Plaintiff notes in her Supplemental Briefing for Motion for Summary Judgment, parking spaces and access aisles must be level, and their surface slopes cannot exceed 2% in any direction. ADAAG § 4.6.3 (1991) ("Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions."). Plaintiff's complaint identified two issues with the previously existing parking space and access aisle, stating that without a level parking space and level access aisle which made it difficult for Rush to unload/transfer from her wheelchair. As the pictures that will be presented at the Evidentiary Hearing will prove, Defendants have corrected these issues.

At present, following renovations made by Defendants, there are two disabled parking spaces at the Restaurant, one of which is designated Van Accessible with a common access aisle and another

2
DEFENDANTS' EVIDENTIARY HEARING BRIEF

designated disabled parking space for which all of the areas measured are less than 2% slope/cross-slope within the manufacturer's accuracy of the level (+/- 0.35%). The slopes and cross-slopes of the renovated common access aisle and disabled parking spaces are enough to comply with the ADA, even with slight deviations in isolated areas. Plus, even if the slope/cross-slope were to be 3% or even 5%, Plaintiff will not be deterred from accessing the renovated parking spaces and access aisle. The video, photographs and testimony that will be presented at the evidentiary hearing will substantiate each of these points.

Moreover, Plaintiff has already testified that even in the condition <u>prior</u> to the renovation of the parking spaces on or about January 18, 2012, she was able to exit her vehicle and gain access to the Restaurant. *See* Decl. of Leslie A. Bower, Exhibit "1", Deposition of Sandi Rush, January 12, 2012, p. 128 ln. 23 – p. 129 ln. 19.

Accordingly, the disabled parking spaces and access aisle at the Restaurant comply with the requirements of with the ADA and do not present a barrier to access by this Plaintiff.

Therefore, no factual dispute remains and nothing else can be accomplished as far as the ADA is concerned and Defendants' Motion for Summary Judgment should be granted in its entirety.

## III.   CONCLUSION

If an ADA "plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that this plaintiff will again be subjected to the same wrongful conduct by this defendant." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (quoting *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (D. Or. 1997) (finding that if claims are moot, there is no need for the court to decide whether there was in fact any violation of the relevant statutes)). The evidence submitted along with this brief and that will be presented at the Evidentiary Hearing demonstrate that the both the wrapping of the pipes beneath the sink in the women's restroom at the Restaurant and the slopes of the disabled parking spaces at the Restaurant meet the requirements of the ADA. Accordingly, Defendants' are entitled to summary judgment on Plaintiff's claims for violations of the ADA, the Unruh Act, the Disabled Persons Act, and the Health & Safety Code.

///

| | | |
|---|---|---|
| 1 | Dated: September 18, 2012 | NEWPORT TRIAL GROUP<br>A Professional Corporation |
| 2 | | |
| 3 | | By: */s/ Tyler J. Woods*<br>    Tyler J. Woods |
| 4 | | Attorneys for Defendant ISLANDS RESTAURANTS, LP |
| 5 | Dated: September 18, 2012 | BOWER & ASSOCIATES |
| 6 | | |
| 7 | | By: */s/ Leslie A. Bower*<br>    Leslie A. Bower<br>Attorney for Defendant RIDGEWAY/BRADFORD |
| 8 | | PARTNERSHIP |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2012, I electronically filed the foregoing **DEFENDANTS' EVIDENTIARY HEARING BRIEF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                                         */s/Tyler J Woods*
                                                                         Tyler J Woods