# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI RUSH,<br><br>                              Plaintiff,<br>vs.<br><br>ISLANDS RESTAURANTS, LP, etc.,<br>et al.,<br><br>                              Defendants. | CASE NO. 11cv1312-LAB (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR RELIEF FROM JUDGMENT** |

Over the course of this litigation, a number of claims have been dismissed, and Defendant Ridgeway/Bradford Partnership was dismissed as a party. The only remaining claims pertained to accessibility of the parking lot outside the Islands Restaurant Plaintiff had visited. Those claims were claims brought under the Americans with Disabilities Act (for injunctive relief) and under California law (for both injunctive relief and damages). On October 23, 2012, with trial scheduled, Plaintiff's counsel Lynn Hubbard III filed a declaration stating that the restaurant was generally compliant with the law, and he did not intend to go to trial. The Court therefore issued an order vacating the trial, and ordering Plaintiff to file a joint motion to dismiss no later than November 15, 2012 (unless Defendants objected, in which case they were to file a notice). The order informed the parties that if no joint motion and no objections were filed, the entire case would be dismissed without prejudice as moot.

Instead of complying with the Court's order, Plaintiff filed a joint motion to dismiss (signed by all parties) on November 19 (the "Joint Motion"). The Joint Motion asked "that this

1 Court dismiss the Americans with Disabilities Act claims in this matter **with prejudice** and
2 dismiss all State law claims **without prejudice** due to mootness and pursuant to FRCP
3 41(a)(2)." (Docket no. 54 at 2:2–6.)

4 The Joint Motion appeared to contain a scrivener's error, confusing the federal and
5 state claims. The complaint brings claims for both damages and injunctive relief under
6 California law. (Docket no. 1 (Complaint), ¶¶ 38, 39, 46, 47, 52.) But—with exceptions not
7 applicable here—a request for damages cannot be moot. *Bernhardt v. Cnty. of Los Angeles*,
8 279 F.3d 862, 872 (9th Cir. 2002) (because plaintiff was seeking damages, claim was not
9 mooted by changed circumstances). Secondarily, moot claims are nonjusticiable, and are
10 therefore properly dismissed without prejudice.[1]

11 The Court therefore corrected what appeared to be an error and issued an order
12 (Docket no. 55) dismissing all claims for injunctive relief as moot, all other claims with
13 prejudice, and the entire action without leave to amend. Plaintiff has now filed a motion
14 pursuant to Fed. R. Civ. P. 60(b) to correct this judgment. The motion shows what the Court
15 thought was a scrivener's error was in fact deliberate, although no less erroneous. The
16 motion shows that Plaintiff's counsel interpreted the Court's order as dismissing the entire
17 case with prejudice, which is wrong. The motion also argues that the real distinction is
18 between state and federal law, not between claims for injunctive relief and other claims,
19 which is also wrong. The motion gives no reasons why the correction is legally appropriate
20 or required.

21 / / /

---

[1] The Court is aware this distinction is not always observed. Courts, including this Court, have often dismissed claims as moot with prejudice, where it is clear they cannot be refiled later or in a different court, and where *res judicata* is not a concern. But dismissal with prejudice is an adjudication on the merits, and may—as here—create problems where the plaintiff is concerned about problems recurring. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing *Costello v. United States*, 365 U.S. 265, 285 (1961) and Fed. R. Civ. P. 41(b)) (discussing whether case was dismissed with prejudice, for *res judicata* purposes); *see also* Docket no. 45 (*ex parte* motion for TRO, expressing Plaintiff's fear that Defendants' behavior will be repeated indefinitely). Also, in the absence of jurisdiction the Court cannot adjudicate claims on the merits, but should, strictly speaking, dismiss without prejudice. *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (because plaintiff lacked standing, court lacked jurisdiction and should have dismissed all claims without prejudice).

The Rule 60(b) motion, as filed, cannot be granted because what it requests is contrary to law. It is therefore **SUMMARILY DENIED**. The Court believes Plaintiff seeks the dismissal of all claims for injunctive relief, whether brought under state or federal law, as moot (without prejudice but without leave to amend); and the dismissal of state-law claims for damages without prejudice. This would typically be the outcome in an Americans with Disabilities Act case where federal claims are dismissed and the only claims remaining are state-law claims for damages, although whether to decline supplemental jurisdiction is in the Court's discretion. *See* 28 U.S.C. § 1367(c) (setting forth circumstances in which a district court may decline to exercise supplemental jurisdiction over state-law claims).

If this understanding is correct, Plaintiff is directed to file another motion requesting it. If Plaintiff has some other type of dismissal in mind, he must file a motion lucidly explaining what he seeks and why it is legally appropriate. In either case, a joint motion is preferable although an *ex parte* application is also acceptable. A noticed motion should <u>not</u> be filed. Either motion must be filed without exception no later than **<u>Wednesday, December 27, 2012.</u>**

Because Plaintiff has made clear he is unwilling to go to trial, failure to file a motion as ordered within the time permitted will result in this case remaining dismissed as previously ordered. Any motion filed after the deadline will be summarily denied for failure to comply with the Court's orders.

**IT IS SO ORDERED**.

DATED: December 17, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge